# EXHIBIT A

## * D O C K E T   I N F O R M A T I O N *

CAUSE NUM: 2007CI06293
DATE FILED: 04/25/2007          COURT: 037          UNPAID BALANCE:          0.00
TYPE OF DOCKET: BREACH OF CONTRACT

### * * * S T Y L E * * *

GORDON W PETERS ETAL
VS OCWEN LOAN SERVICING LLC ETAL

ACCOUNT TYPE:                    ACCOUNT NO:
ACCESS: 0                        STATUS: PENDING
LIST TYPE: C

### * L I T I G A N T   I N F O R M A T I O N *

| SEQ | LAST /FIRST /MIDDLE NAME | LIT. TYPE/ATTORNEY | DATE |
|-----|-------------------------|--------------------|------|
| 00001 | PETERS GORDON W | PLAINTIFF<br>00001 OLIVER, WILLIAM H<br>00002 CARSTARPHEN, EDWARD | 04/25/2007 |
| 00002 | PETERS DEBORAH | PLAINTIFF<br>00001 OLIVER, WILLIAM H<br>00002 CARSTARPHEN, EDWARD | 04/25/2007 |
| 00003 | OCWEN LOAN SERVICING LLC | DEFENDANT<br>00003 CRONENWETT, MARK D | 04/25/2007 |
| 00004 | OCWEN FEDERAL BANK | DEFENDANT | 04/25/2007 |

### * S E R V I C E S   I N F O R M A T I O N *

| SEQ | SERVICE TYPE / DATES | DIST | LITIGANT NAME |
|-----|----------------------|------|---------------|
| 00001 | CITATION | 4 | |
| | ISS: 08/28/2007  REC: 08/29/2007  EXE: 09/04/2007  RET: 09/07/2007 | | |

### * A T T O R N E Y   I N F O R M A T I O N *

| SEQ | DATE FILED | BAR NBR. | NAME | STATUS | DATE |
|-----|-----------|----------|------|--------|------|
| 00001 | 04/25/2007 | 15265200 | OLIVER, WILLIAM H | SELECTED | 04/26/2007 |
| 00002 | 04/25/2007 | 03906700 | CARSTARPHEN, EDWARD | SELECTED | 04/26/2007 |
| 00003 | 09/12/2007 | 00787303 | CRONENWETT, MARK D | SELECTED | 09/17/2007 |

### * P R O C E E D I N G   I N F O R M A T I O N *

| SEQ | DATE FILED | REEL | IMAGE | PAGE COUNT |
|-----|-----------|------|-------|------------|
| 00001 | 04/25/2007 | 0000 | 0000 | 0000 |
| | DESC: PLAINTIFF'S ORIGINAL PETITION<br>AND REQUEST FOR DISCLOSURE | | | |
| 00002 | 04/25/2007 | 0000 | 0000 | 0000 |
| | DESC: LETTER TO DISTRICT CLERK<br>FROM WILLIAM H OLIVER | | | |

```
00003      08/27/2007           0000      0000        0000
           DESC: REQUEST FOR
                 CIT PPS
00004      08/27/2007           0000      0000        0000
           DESC: SERVICE ASSIGNED TO CLERK 3
00005      09/12/2007           0000      0000        0000
           DESC: SPECIAL EXCEPTIONS
                 AND ORIGINAL ANSWER OF OCWEN LOAN
                 SERVICING LLC
```

```
                    * T R I A L      I N F O R M A T I O N *
   SEQ      DATE FILED        COURT              SETT. DATE   TIME           ATTY


                  * O R D E R      I N F O R M A T I O N *
   SEQ    DATE FILED   JUDGE NAME            VOLUME    PAGE  PAGE CNT    AMOUNT   SOF


                        * B O N D      I N F O R M A T I O N *
   SEQ      DATE FILED    PRINCIPAL
```

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
MARGARET G. MONTEMAYOR, BEXAR COUNTY DISTRICT
CLERK, CERTIFY THAT THE FOREGOING IS A
TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD FILED ON _____
WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE THIS

SEP 1 8 2007

MARGARET G. MONTEMAYOR
BEXAR COUNTY, TEXAS

DEPUTY

# EXHIBIT B-1

CUT-PB



2007CI06293

CAUSE NO. _____

| | | |
|---|---|---|
| GORDON W. PETERS and | § | IN THE DISTRICT COURT |
| DEBORAH PETERS, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | OF BEXAR COUNTY, TEXAS |
| OCWEN LOAN SERVICING, LLC, AS | § | |
| SUCCESSOR BY MERGER WITH | § | |
| OCWEN FEDERAL BANK, FSB, | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, GORDON W. PETERS and DEBORAH PETERS (herein referred to as "Plaintiffs"), Plaintiffs herein, and file this, their Original Petition complaining of OCWEN LOAN SERVICING, LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB (hereinafter referred to as "Defendant" or "Ocwen"), and would show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      The nature of this cause is such that discovery should be conducted under Discovery Control Plan – Level 2, pursuant to Tex.R.Civ.P. 190.2.

### II.
### PARTIES

2.      Plaintiffs Gordon W. Peters and Deborah Peters are individuals who reside in Bexar County, Texas.

3.      Defendant OCWEN LOAN SERVICING, LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, is, upon information and belief, a Delaware limited

---

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**                    **PAGE 1**

liability company. Ocwen Loan Servicing, LLC's principal place of business is located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. Ocwen Loan Servicing, LLC may be served with process in this lawsuit by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## III.
### A.    No Federal Subject Matter Jurisdiction

4.    Plaintiffs expressly disclaim any rights and causes of action under any federal law, choosing instead to base all claims and causes of action entirely on the common law and statutes of the State of Texas.

### B.    No Claims Related to Claims in Multi-District Litigation; No Class Actions

5.    Plaintiffs do not assert that any fees, charges, insurance placements, notices, or forbearance agreements are, in and of themselves, illegal. Plaintiffs' suit does not seek to alter or supplement the federal regulatory scheme applicable to Defendant. Instead, Plaintiffs claim that, with regard to them, Defendant acted with wrongful and evil intent to accomplish a wrongful foreclosure. The claims in this suit are therefore based only on the common law and statutes of the State of Texas as applied to the facts of this particular Plaintiffs' case.

### C.    Jurisdiction and Venue

6.    This Court has jurisdiction over Defendant by virtue of the fact that it owns property in the State of Texas, and/or does business in the State of Texas, including owning and servicing of loans, which necessarily involves contracting with Texas residents by mail or otherwise when at least one of the parties is to perform the contract in Texas. Further, Ocwen has committed the torts as set forth herein below in whole or in part in Texas.

7.      Venue is proper pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), as Bexar

County, Texas, is where all or a substantial part of the events or omissions occurred, including the

attempted wrongful foreclosure described below.

**D.      The Discovery Rule, Fraudulent Concealment, and Continuous Tort**

8.      Plaintiffs plead the discovery rule specifically in response to, and as an affirmative

defense to, any such pleas of statute of limitations as may be made.  Plaintiffs allege and assert that

they neither discovered, nor through reasonable diligence should have discovered, the claims or facts

underlying their claims within any applicable limitations period, if any.

9.      In addition, Plaintiffs plead the affirmative defenses of fraudulent concealment and

continuous tort to any such pleas of statute of limitations as may be made. Defendant's fraudulent

concealment and continuous torts defer the accrual period, if any, of Plaintiffs' causes of action.

## IV.
## Statement of Facts

10.      Ocwen is in the business of servicing mortgages and loans, which in general includes

collecting mortgage and loan payments on behalf of mortgage and loan holders.  In reality, however,

Ocwen's intent is to wrongfully place mortgages and loans into default so that the properties which

secure those mortgages and loans can be wrongfully foreclosed.  Ocwen's practices include paying

financial incentives to its staff of loan collectors for moving properties with equity into foreclosure.

Ocwen also fails to give borrowers credit for payments as and when they are made.  Plaintiffs have

been the victim of Ocwen's wrongful conduct.

11.      Plaintiffs' own the home at 105 Fawn Drive, Shavano Park, Bexar County, Texas

78231 (the "Property").  Ocwen serviced Plaintiffs' mortgage loan.

---

12.     Ocwen wrongfully charged fees to Plaintiffs' mortgage loan account that were not justified, and which were wrong and unauthorized.  Further, Ocwen failed to post payments to Plaintiffs' account or intentionally posted payments late despite receiving the payments on time. These tortious actions are reflected on Plaintiffs' credit report and credit history, thus adversely effecting, slandering, and outright harming Plaintiffs' credit.

13.     Further, Ocwen attempted to wrongfully foreclose on Plaintiffs' home based, at least in part, upon Plaintiffs' alleged failure to pay these unjustified, wrongful, and unauthorized fees and alleged failure to make their payments.  Rather than have their home wrongfully foreclosed, Plaintiffs were forced to re-finance their mortgage loan at an excessively high interest rate due to the slanderous remarks of Ocwen shown on Plaintiffs' credit report, thus causing Plaintiffs to incur substantial monetary damages in increased interest and principal debt, as well as other fees.

14.     Ocwen also failed to fully and properly respond to Plaintiffs' requests and disputes concerning their mortgage loan.

## V.
## Causes of Action

### A.     Wrongful Foreclosure and Declaratory Action

15.     Plaintiffs re-allege each of the allegations in paragraphs 1 through 14.

16.     Defendant attempted to commit a wrongful foreclosure by virtue of one or more of the following wrongful acts:

> (a)     failing to accept payments and pretending that a lack of payment was a default;
>
> (b)     failing to provide Plaintiffs timely and clear information about the timing and amount of payments owed;
>
> (c)     misapplying payments received;

---

    (d)    failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

    (e)    continuing with efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs have been wrongfully prevented from curing the claimed defaults;

    (f)    continuing efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs have attempted to refinance and pay off the debt but has been prevented from refinancing and paying off the claimed debt; and

    (g)    demanding more than is actually due to avoid foreclosure.

17.    There is no legal or rightful basis for these acts of Defendant in connection with the attempted wrongful foreclosure of Plaintiffs' home.

## B.    Breach of Contract

18.    Plaintiffs re-allege each of the allegations of paragraphs 1 through 17.

19.    Defendant has committed a breach of contract by virtue of one or more of the following actions:

    (a)    failing to accept payments and pretending that a lack of payment was a default;

    (b)    failing to provide Plaintiffs timely and clear information about the timing and amount of payments owed;

    (c)    misapplying payments received;

    (d)    failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

    (e)    continuing with efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs have cured the claimed defaults, and/or been wrongfully prevented from curing the claimed defaults;

    (f)    continuing efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs have attempted to refinance and pay off the debt but have been prevented from refinancing and paying off the claimed debt; and

    (g)    demanding more than is actually due to avoid foreclosure.

20.    Plaintiffs seek actual damages, interest, and attorneys' fees caused by the breach of contract alleged herein.

### C.    Negligence and Gross Negligence

21.    Plaintiffs re-allege each of the allegations in paragraphs 1 through 20.

22.    Ocwen owed a duty of care to Plaintiffs to adequately train and supervise its staff of loan collectors and servicing agents in the proper and legal servicing of mortgages, such as the mortgage owed by Plaintiffs. Ocwen breached its duty to Plaintiffs by (1) failing to adequately train and/or supervise its staff of loan collectors and servicing agents in the servicing of Plaintiffs' mortgage by allowing the attempted wrongful foreclosure of Plaintiffs' home, and (2) providing financial incentives to those collectors and agents for moving properties, including Plaintiffs' home, into foreclosure.

23.    Ocwen's negligence has proximately caused harm to Plaintiffs' credit and actual damages for which Plaintiffs seek recovery.

24.    In addition, Ocwen's conduct and neglect was in such complete disregard for Plaintiffs' credit history and rights in their property as to amount to malice and gross negligence for which Plaintiffs seek to recover punitive damages.

### D.    Intentional Infliction of Emotional Distress

25.    Plaintiffs re-allege each of the allegations in paragraphs 1 through 24.

26.    Ocwen's intentional and/or reckless actions reflect its sinister desire to confuse and, if necessary, intimidate Plaintiffs in an effort to cause the wrongful foreclosure of Plaintiffs' home, and for Plaintiffs ultimately to lose their home. Ocwen's actions have been and continue to be extreme and outrageous, with a complete disregard for Plaintiffs' rights, and have been carried out with the knowledge and sinister desire to sell Plaintiffs' home covertly through a wrongful and illegal

foreclosure.  Ocwen's actions have caused severe emotional distress to Plaintiffs, including embarrassment, fear, humiliation, and unnecessary and excessive worry.

### E.  Unreasonable Debt Collection Practices Under Texas Common Law

27.  Plaintiffs re-allege the allegations of paragraphs 1 through 26.

28.  The actions of Ocwen in failing properly to account for Plaintiffs' payments, failing to verify the debt on the request of Plaintiffs, posting for foreclosure when Plaintiffs were trying to pay off the debt, preventing Plaintiffs from curing the claimed default, giving inconsistent accounting information on the amount of the debt, and generally failing to cooperate in allowing Plaintiffs to refinance or sell their home, and therefore pay off their mortgage loan, constitute unreasonable debt collection practices under the common law of the State of Texas.  Further, Plaintiffs have suffered the emotional stress that naturally flows from a situation where a mortgage servicing company steps out of its role of servicing and tries to take a home wrongfully.

### F.  Violations of the Texas Debt Collection Practices Act

29.  Plaintiffs re-allege the allegations of paragraphs 1 through 28.

30.  Ocwen is a debt collector for purposes of the Texas Debt Collection Practices Act ("TDCPA").  Its conduct violates the TDCPA.  Its violation of the TDCPA entitles Plaintiffs to actual damages and attorneys' fees under TDCPA §392.403.

### G.  Breach of Fiduciary Duty

31.  Plaintiffs re-allege each of the allegations in paragraphs 1 through 30.

32.  Ocwen, as a servicing agent, stands in a fiduciary capacity with respect to Plaintiffs' monthly payments and credits on Plaintiffs' mortgage, escrow account, loan, insurance premiums and other related obligations.  Ocwen has breached this duty for the numerous reasons stated above.  Ocwen's conduct has caused Plaintiffs' damages for which Plaintiffs seek to recover damages.

---

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**                    **PAGE 7**

### H.   Request for Declaratory Judgment

33.   Plaintiffs re-allege each of the allegations in paragraphs 1 through 32.

34.   Plaintiffs request a declaration as to the true amount, if any, owed by Plaintiffs to Ocwen, or any other party, in connection with any note or deed of trust executed by Plaintiffs for the purchase of their home, and a declaration as to the amount Ocwen, or any other party should be required to reimburse, refund, or credit Plaintiffs for fees and expenses wrongfully charged to Plaintiffs' mortgage.

### I.   Defamation

35.   Plaintiffs re-allege each of the allegations in paragraphs 1 through 34.

36.   Ocwen published statements of alleged fact concerning Plaintiffs, which were defamatory and false.  Ocwen published such defamatory and false statements with actual malice, negligence, or without regard to fault.  Plaintiffs suffered pecuniary injury as a result.

### J.   Punitive Damages

37.   Plaintiffs re-allege each of the allegations in paragraphs 1 through 36.

38.   The harm to Plaintiffs was the result of Defendant's conduct, which was fraudulent, malicious, intentional, or, at a minimum, grossly negligent.  For this, as well as Defendant's extreme and outrageous conduct, and misconduct with respect to fiduciary property, Plaintiffs seek to recover punitive damages from Defendant in excess of any statutory limit.  In support for exceeding any applicable limits, Plaintiffs will show that Defendant's acts constitute one or more felonies as set forth in Texas Civil Practice & Remedies Code § 41.008.  All of these violations of the penal code were done knowingly and intentionally by Defendant to take advantage of Plaintiffs and enrich Defendant.

### K.   Attorneys' Fees

39.     Plaintiffs re-allege the allegations of paragraphs 1 through 38.

40.     Plaintiffs have been required to employ counsel to represent their interests as a direct result of Defendant's wrongful conduct. Plaintiffs employed the undersigned attorneys and Plaintiffs are obligated to pay, and seek the recovery of, the attorneys' reasonable fees for the services rendered on Plaintiffs' behalf.  Plaintiffs have made demand on Defendant to cease this conduct, but to no avail.

### L.   Conditions Precedent

41.     Plaintiffs re-allege the allegations of paragraphs 1 through 40.

42.     All conditions precedent to recover on each of the causes of action alleged have occurred.

### M.   Demand for Jury Trial

43.     Plaintiffs hereby demand a jury trial and tender the requisite fee.

### VI.

### Request for Disclosure

44.     Defendant is requested to disclose within fifty (50) days of this request the information or material described in Rule 194.2(a) through (l).  Pursuant to Rule 194.3, Defendant is required to serve a written response upon the requesting party within fifty (50) days after the service of the request.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer, and further pray as follows:

1.     Judgment against Defendant, jointly and severally, for actual damages sustained by Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court;

---

2. Judgment against Defendant, jointly and severally, for cancellation of the indebtedness described hereinabove;

3. Judgment against Defendant, jointly and severally, for punitive damages in an amount to be determined by the trier of fact;

4. A declaration as to the true amount, if any, owed by Plaintiffs to Ocwen or any other party or non-party in connection with any note or deed of trust executed by Plaintiffs for the purchase of the Property;

5. Judgment for Plaintiffs to recover reasonable and necessary attorneys' fees for bringing this case to trial and judgment, as well as a conditional award in the event of an appeal;

6. Judgment for both pre-judgment interest and post-judgment interest on all actual, special, and punitive damages and attorneys fees at the maximum interest rate allowed by law;

7. Judgment for costs of Court; and

8. Judgment for such other and further relief to which Plaintiffs may be otherwise entitled.

Respectfully submitted,

**PIPKIN, OLIVER & BRADLEY, L.L.P.**


By: _____

William H. Oliver
State Bar No. 15265200
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209
(210) 820-0082
(210) 820-0077 (facsimile)


**ELLIS, CARSTARPHEN, DOUGHERTY &**
**GOLDENTHAL P.C.**

Edward M. Carstarphen
State Bar No. 03906700
5847 San Felipe, Suite 1900
Houston, Texas 77057
(713) 647-6800
(713) 647-6884 (facsimile)


**HILLIARD & MUNOZ, L.L.P.**

Robert C. Hilliard
State Bar No. 09677700
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, TX 78401
(361) 882-1612
(361) 882-3015 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**

---

# EXHIBIT B-2

CAUSE NO. 2007-CI-06293

| | | |
|---|---|---|
| GORDON W. PETERS and | § | IN THE DISTRICT COURT |
| DEBORAH PETERS, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | 37th JUDICIAL DISTRICT |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| AS SUCCESSOR BY MERGER WITH | § | |
| OCWEN FEDERAL BANK, FSB, | § | |
|     Defendant. | § | BEXAR COUNTY, TEXAS |

## SPECIAL EXCEPTIONS AND ORIGINAL ANSWER OF DEFENDANT

For its answer to Plaintiffs' Original Petition and Request for Disclosure ("Petition"), Defendant Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB[1] ("Ocwen") states as follows:

## I. SPECIAL EXCEPTIONS

Under Texas Rules of Civil Procedure 90 and 91, Ocwen specially excepts to the following allegations contained in Plaintiffs' Petition:

1.    Ocwen specially excepts to Plaintiffs' Petition because Plaintiffs failed to plead the maximum amount of damages claimed. The Court "shall require the pleader to amend so as to specify the maximum amount claimed" upon exception. TEX. R. CIV. P. 47.

2.    Ocwen specially excepts to Plaintiffs' negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty claims because Plaintiffs have not pleaded damages that are separate and apart from breach of contract damages. "When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex. 1991).

---

[1] Incorrectly named Ocwen Loan Servicing, LLC, as successor by merger with Ocwen Federal Bank, FSB. Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB, is appearing herein and will answer and defend all claims against Ocwen Loan Servicing, LLC, as successor by merger with Ocwen Federal Bank, FSB.

There are no circumstances that could give rise to claims for negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty because Plaintiffs' remedies and the duties of the parties arise from and are governed by contract, and thus Plaintiffs' negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty claims cannot succeed and fail as a matter of law.

3.    Ocwen specially excepts to Plaintiffs' intentional infliction of emotional distress claim because Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim.  In order to recover under a claim for intentional infliction of emotional distress, a plaintiff must show that (1) the defendant acted intentionally or recklessly; (2) the emotional distress suffered by the plaintiff was severe; (3) the defendant's conduct was extreme and outrageous; (4) the defendant's conduct proximately caused the plaintiff's emotional distress; and (5) there is no alternative cause of action that would provide a remedy for the severe emotional distress caused by the defendant.  *See Hoffman-La Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004); Tiller v. McLure, 121 S.W.3d 709, 713 (Tex. 2003).*  Not only have Plaintiffs failed to allege these elements, they have failed to set forth any supporting facts. For example, Plaintiffs do not allege that no other cause of action provides a possible remedy for their alleged emotional distress.  In fact, Plaintiffs seek recovery for their alleged "mental anguish" and "emotional stress" via their unreasonable debt collection practices TDCPA claims as well.  Plaintiffs have failed to plead all elements necessary to support an intentional infliction of emotional distress claim.  Without this elemental and factual information, Ocwen does not have sufficient notice of the claims raised against it in order to prepare a proper defense. Therefore, Plaintiffs should be required to replead, and, in the event that they fail to adequately do so, their intentional infliction of emotional distress claim should be stricken.  Further, there

are no circumstances that could give rise to a claim for intentional infliction of emotional distress because, among other things, Plaintiffs have alternative causes of action that provide a basis of recovery for their alleged emotional stress, and thus Plaintiffs' claim for intentional infliction of emotional distress cannot succeed and fails as a matter of law.

4.     Ocwen specially excepts to Plaintiffs' breach of fiduciary duty claim because there is no special relationship or any other facts - pleaded or otherwise - that would support the imposition of a fiduciary duty on Ocwen.  There are no circumstances that could give rise to a claim for breach of fiduciary duty, and thus Plaintiffs' claim for breach of fiduciary duty cannot succeed and fails as a matter of law.

5.     Ocwen specially excepts to Plaintiffs' wrongful foreclosure claim because Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim.  A claim for wrongful foreclosure requires that a foreclosure actually occurred.  *See Wieler v. United Sav. Assn of Texas,* 887 S.W.2d 155, 158 (Tex. App.-Texarkana 1994, writ denied).  Wrongful foreclosure requires that a plaintiff prove that irregularities in the foreclosure sale caused the property to be sold for a grossly inadequate price.  *American Sav. & Loan Ass'n of Houston v. Musick,* 531 S.W.2d 581, 587 (Tex. 1976); *Weiler,* 887 S.W.2d at 158.  Plaintiffs did not allege these elements.  Without this elemental and factual information, Ocwen does not have sufficient notice of the claims raised against it in order to prepare a proper defense.  Therefore, Plaintiffs should be required to replead, and, in the event that they fail to adequately do so, their wrongful foreclosure claim should be stricken.

6.     Ocwen specially excepts to Plaintiffs' unreasonable debt collections practices under Texas common law claim because Plaintiffs fail to state a cause of action upon which relief may be granted.  Plaintiffs have failed to plead with sufficiency the facts and elements

3

necessary to support such a claim. *Woodrum v. Bradley*, 1990 Tex. App. LEXIS 2497, *10 (Tex. Civ. App. – Houston, Oct. 11, 1990, writ denied) ("Unreasonable collection efforts are defined as efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.") Accordingly, their claim for common law unreasonable debt collections practices should be stricken.

      7.      Ocwen specially excepts to Plaintiffs' Texas Debt Collection Practices Act, TEX. FIN. CODE §§ 392.001, *et seq.* ("TDCPA"), claim because Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. Ocwen also specially excepts to Plaintiffs' TDCPA claim because Ocwen is not a "debt collector" under the TDCPA. There are no circumstances that could give rise to a claim under the TDCPA, and thus Plaintiffs' TDCPA claim cannot succeed and fails as a matter of law.

      8.      Ocwen specially excepts to Plaintiffs' defamation claim because Plaintiffs fail to state a cause of action upon which relief may be granted. Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. "To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Accordingly, their claim for defamation should be struck.

## II. GENERAL DENIAL

      Subject to and without waiving the above Special Exceptions and pursuant to Rule 92 of the Texas Rules of Civil Procedure, Ocwen generally denies each and every allegation contained in the Petition and demand strict proof thereof.

## II. AFFIRMATIVE DEFENSES

In addition, Ocwen pleads the following affirmative defenses:

1.      Plaintiffs' claims are barred because one or more of the material obligations of the notes and security instruments have not been satisfied.

2.      Plaintiffs' claims are barred because they lack standing.

3.      Plaintiffs' claims are barred by the equitable doctrine of waiver.

4.      Plaintiffs' claims are barred by the waiver provisions contained in the security instruments at issue in this lawsuit.

5.      Plaintiffs' claims are barred by the doctrine of *de minimus non curat lex.*

6.      Plaintiffs' claims are barred by the doctrines of unclean hands and *in pari delicto.*

7.      Plaintiffs' claims are barred by the doctrine of unjust enrichment.

8.      Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

9.      Plaintiffs' claims are barred by the election of rights doctrine.

10.     Plaintiffs' claims are barred by the applicable statute of limitations.

11.     Any allegedly wrongful acts or omissions of Ocwen, if and to the extent such acts and omissions occurred, were legally excused or justified.

12.     Plaintiffs' claims are barred by the "one satisfaction" doctrine.

13.     Plaintiffs' claims are barred to the extent that they were contributorily and/or comparatively at fault for their damages.  Among other things, Plaintiffs' own acts or omissions caused and/or contributed to their alleged damages.

14.     Plaintiffs have failed to mitigate or minimize their damages.

15.     Plaintiffs' claim for intentional infliction of emotional distress is barred because an alternative cause of action exists that would provide a remedy for Plaintiffs' alleged emotional distress.

16.     Plaintiffs' prayer for "cancellation of the indebtedness" at issue is barred by the United States and Texas Constitutions, including without limitation the Due Process Clause and the prohibitions on cruel and unusual punishments and excessive fines set forth in those Constitutions.

1'7.    Ocwen claims all offsets and credits available under Chapter 33 of the Texas Civil Practice and Remedies Code.

18.     Ocwen denies that all conditions precedent to a right of recovery have been satisfied.

19.     Plaintiffs are not entitled to punitive damages, and any and all excessive amounts of punitive damages sought herein violate Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the Constitution of the United States of America, all of which set limits on punitive damages.

20.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

21.     The Home Owners Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1461 *et seq.,* and its implementing rules and regulations (e.g., 12 C.F.R. § 560.2) preempts Plaintiffs' claims in whole or in part.  In particular, same preempts:

    a.     the application of state laws to loan-related fees, including, without limitation, initial charges, late charges, pre-payment penalties, servicing fees and over-limit fees;

    b.     processing, originating, servicing, sale or purchase of, or investment or participation in, mortgages;

6

c. terms of credit; and

d. state laws whose effect on the lending operations of Ocwen Federal Bank FSB were more than incidental.

## III.   PRAYER

Defendant Ocwen prays that (1) this Court deny each and every claim, cause of action and request for damages asserted against it; (2) it be dismissed from this action and that it recover its attorneys' fees and costs of court; and (3) it be granted any other legal or equitable relief to which it may be entitled.

Respectfully submitted,

By:  _/s/ Mark D. Cronenwett w/ perm. by LLS_
**MARK D. CRONENWETT**
Texas Bar No. 00787303

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2151
(214) 672-2351 (Fax)

**LINDSAY L. STANSBERRY**
Texas Bar No. 24041968

**COWLES & THOMPSON, P.C.**
1202 First Place
Tyler, TX 75702
(903) 596-9000
(903) 596-9005 (Fax)

ATTORNEYS FOR DEFENDANT
OCWEN LOAN SERVICING, LLC,
SUCCESSOR IN INTEREST TO OCWEN
FEDERAL BANK FSB

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 12th day of September 2007 a true and correct copy

of the foregoing document was delivered via Certified Mail to the counsel of record listed below.

/s/ Lindsay L. Stansberry
**LINDSAY L. STANSBERRY**

William H. Oliver, Esq.
PIPKIN, OLIVER & BRADLEY, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, TX   78209

Edward M. Carstarphen, Esq.
Kori L. Westbrook, Esq.
ELLIS, CARSTARPHEN, DOUGHERTY & GOLDENTHAL, P.C.
5847 San Felipe, Suite 1900
Houston, TX   77057

Robert C. Hilliard, Esq.
HILLIARD & MUNOZ, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, TX   78401

## Stansberry, Lindsay

**From:** prodocefile@prodoc.com
**Sent:** Wednesday, September 12, 2007 8:18 AM
**To:** Stansberry, Lindsay
**Subject:** Filing Trace Number ED015J015128086, Pleading - No Fee, CONFIRMATION, Bexar District



**PLEASE DO NOT REPLY TO THIS EMAIL.**
This e-mail serves as your receipt.

**Filing Information:**

| | |
|---|---|
| **Cause Number:** | 2007-CI-06293 |
| **Document Type:** | Pleading - No Fee |
| **Filing Attorney:** | Mark Cronenwett |
| **Style/Case Name:** | Gordon W. Peters and Deborah Peters v. Ocwen Loan Servicing, LLC, as successor by merger with Ocwen Federal Bank, FSB |
| **Sealed Document:** | No |

| | |
|---|---|
| **Filing Status:** | ✓ CONFIRMATION |
| **Date of Status:** | Wednesday, September 12, 2007 8:18 AM (GMT-06:00) Central Time (US & Canada) |
| **Court Assignment:** | 37th District Court |
| **Filing Trace Number:** | ED015J015128086 |
| **Comments:** | THANK YOU FOR E-FILING. |

*In order to have a copy of your filing, click here to download your filing:
https://www.prodocefile.com/viewFiling.aspx?f=5128086

**Filing Status Legend
✓ Confirmation** - Your filing has been reviewed and accepted by the clerk.
**! Alert** - Your filing has been reviewed and rejected by the clerk.

**Payment Information:**

| | |
|---|---|
| **Payment Method:** | XXXX XXXX XXXX |
| **Amount:** | $7.24 |
| **Payment Status:** | paid |

9/17/2007

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GORDON W. PETERS and<br>DEBORAH PETERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| OCWEN LOAN SERVICING, LLC, AS<br>SUCCESSOR BY MERGER WITH<br>OCWEN FEDERAL BANK, FSB, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DECLARATION OF CHOMIE NEIL</u>

I, Chomie Neil, do hereby declare under penalty of perjury that the following is true and
correct:

1.        I am currently employed by Ocwen Loan Servicing, LLC ("Ocwen Loan
Servicing"), successor in interest to Ocwen Federal Bank FSB ("Ocwen Federal Bank"), as a
Senior Loan Analyst.  I held the position of research specialist from 1999 until July 2005 with
Ocwen Federal Bank and held this position at Ocwen Loan Servicing until being promoted to
Senior Loan Analyst in May 2006.  I have reviewed the complaint in the above-entitled action.
As a result of my employment with Ocwen, and my review of the loan history, I have personal
knowledge of the facts set forth in this affidavit.

2.        Ocwen Federal Bank FSB was a federally charted thrift incorporated under the
laws of the United States.  Effective June 30, 2005, Ocwen Federal Bank FSB was dissolved and
its mortgage loan servicing business was transferred to Ocwen Loan Servicing, LLC.

3.  Ocwen Loan Servicing, LLC is a limited liability company.  The sole member of Ocwen Loan Servicing, LLC is Ocwen Financial Corp.  Ocwen Financial Corp. is a Florida corporation headquartered in Florida.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September _13th_, 2007

_____
CHOMIE NEIL